HENDERSON's Lessee vs. PARKER.

APPEAL from *Worcester* County Court. *Ejectment* for a tract of land called *Henderson's Beginning.* The general issue was pleaded. At the trial the plaintiff, (now appellant,) offered in evidence an original patent, granted on the 3d of February 1801, to the lessor of the plaintiff, for

grant of a tract of land issued *after* the time of the demise laid in a declaration for the same land, and *after* the suit was brought, reciting the date of the certificate of survey to be prior to the time of bringing the suit, it was held, that the grant was not sufficient evidence of title, without producing the certificate of survey upon which the grant issued.

1810.

Henderson
vs
Parker

Dec. (E. S.)

The recital in a grant of the date of the certificate of survey, upon which the grant was founded, is not sufficient evidence of the time when the survey was made.

As where a grant of a tract of land issued after the time of the demise laid in a declaration in ejectment

the land for which the action was brought. The patent recites, that *Henderson*, on the 15th of April 1799, obtained out of the land office for the *Eastern Shore*, a special warrant to resurvey a tract of land called *Pig Pen*, originally on the 16th of July 1750, granted to *Robert Davis* for 50 acres; that in pursuance of the warrant a resurvey had been made, and a certificate returned to the land office, bearing date on the 15th of February 1800, and that he had paid to the treasurer the sum of £3 17 9, being the full composition due. The plaintiff also produced a witness to prove the payment of the composition money, for the land mentioned in the patent, in April 1800. The defendant objected both to the patent and parol evidence, as inadmissible and incompetent, because the patent was issued and obtained after the demise laid in the declaration, and after the action was commenced, and during its pendency. The court, [*Polk*, Ch. J. and *Robins*, A. J.] sustained the objection, being of opinion that the evidence was inadmissible and illegal, without the production of the certificate upon which the patent issued. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, NICHOLSON, and EARLE, J.

*J. Bayly* and *Whittington*, for the Appellant.

*Martin*, *Wilson* and *W. B. Martin*, for the Appellee, cited *Peake's L. E.* 27, 28. *Spalding's Lessee vs. Reeder*, 1 *Harr. & M'Hen.* 187. *Hath's Lessee vs. Polk*, *Ib.* 363; and *Savory's Lessee vs. Whayland*, *Ib.* 206(*a.*)

JUDGMENT AFFIRMED.

(*a.*) In this last case the action was brought to April term 1753, at which term the defendant appeared, and on the 11th of September 1753 he filed his plea.